UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLYDE M. ROBINSON and SHEILA E. ROBINSON, husband and wife,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELDIN PARAGANLIJA and JANE DOE PARAGANLIJA, husband and wife; and NC TRUCKING, a foreign corporation,<br><br>　　　　　　　　　Defendants. | No.  CV-13-5044-EFS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

　　　Before the Court is Clyde and Sheila Robinson's Motion to Remand. ECF No. 5. A telephonic hearing was held on this motion on June 18, 2013. Plaintiffs were represented by Terry Abeyta. Defendants NC Trucking, Eldin Paraganlija, and Jane Doe Paraganlija were represented by Rodney Umberger. Plaintiffs seek remand of this lawsuit on the grounds that Defendants' removal was untimely. Defendants argue that neither Mr. Paraganlija nor defense counsel understood that Mr. Paraganlija had been served on the date alleged by Plaintiffs, and therefore the removal of this lawsuit was timely. Having reviewed the pleadings and file in this matter and considered oral argument, the Court was fully informed. This Order supplements

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 1

and memorializes the Court's oral ruling granting Plaintiffs' motion to remand.

**A.   Statement of Facts**

On March 10, 2010, an automobile accident occurred between Plaintiff Mr. Robinson and Defendant Mr. Paraganlija in Benton County, Washington.  ECF No. 9-1.  Mr. Paraganlija drove a semi-truck owned by NC Trucking.  ECF No. 5.

On December 17, 2012, the Robinsons filed a complaint in Benton County Superior Court.  ECF No. 9-1.  On December 28, 2012, a process server hired by Plaintiffs left a copy of the summons and complaint with Mrs. Paraganlija at Mr. and Mrs. Paraganlija's residence.  ECF No. 5.

On February 7, 2013, Plaintiffs served Defendant NC Trucking. ECF No. 5-1 Ex. 4.  On February 21, 2013, defense counsel, Mr. Umberger, wrote a letter to Plaintiffs' counsel, Mr. Abeyta, stating he understood Mr. Paraganlija had not been served.  ECF No. 9-2 Ex. 2. The letter explained that Mr. Umberger would accept service on Mr. Paraganlija's behalf.  *Id.*

On March 18, 2013, Mr. Abeyta wrote a letter enclosing a Certified Statement of Acceptance of Service of Summons and Complaint for Personal Injuries to be signed by Defendants' attorney as well as the original summons drafted December 10, 2012.  ECF No. 11.  On March 29, 2013, Mr. Umberger returned the executed Acceptance of Service on behalf of Defendants Eldin and Jane Doe Paraganlija.  ECF No. 9-3.

On April 8, 2013, all Defendants filed a notice of removal in district court, stating the removal was timely because service was

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 2

completed on the Paraganlijas on April 4, 2013, when Acceptance of Service for Defendants Eldin and Jane Doe Paraganlija was filed by defense counsel. ECF No. 1, at 4. On May 3, 2013, Plaintiffs filed a motion to remand because "Defendant[s] failed to remove the case within 30 days as required . . . ." ECF No. 5. Defendants oppose the motion because Mr. Paraganlija did not understand he had been served and because Plaintiffs' counsel did not affirmatively disclose that Mr. Paraganlija had been served. ECF No. 8.

**B.    Standard**

A defendant may remove a civil case to federal court if it is clear from the plaintiff's complaint that there is subject matter jurisdiction based on a federal question or diversity jurisdiction. 28 U.S.C. § 1441(a), (b). The general requirements for removal of civil actions are:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* § 1446(b)(1). If the case involves multiple defendants, when a "later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." § 1446(b)(2)(C).

Removal statutes are strictly construed to favor state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 3

(1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The Ninth Circuit favors remanding procedurally defective removals. *See e.g., Cantrell v. Great Republic Ins.*, 873 F.2d 1249, 1256 (9th Cir. 1989). If a plaintiff challenges a defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 933 (9th Cir. 1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**C.  Analysis and Conclusion**

To serve an individual, the summons and complaint can be delivered to the "individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A), (B). A corporation can be served in the same way as serving an individual or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

It is uncontested for the purposes of this motion that Plaintiffs personally served NC Trucking's owner, Reuf Cogie, on February 7, 2013. ECF No. 5-1 Ex. 4. Therefore, based on the February 7, 2013 service, NC Trucking's April 8, 2013 removal is untimely under § 1446(b)'s thirty-day requirement.

It is contested when Mr. Paraganlija was served. Plaintiffs provided an affidavit confirming service of Mr. and Mrs. Paraganlija

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 4

on December 28, 2012, at their "usual place of abode." ECF No. 5-1 Ex. 1. Despite Defendants' understanding that service was not completed on December 17, 2012, there is no evidence challenging the affidavit of service. Therefore, Mrs. Paraganlija was personally served, and Mr. Paraganlija was served by leaving the summons and complaint at his "usual place of abode" with Mrs. Paraganlija. Fed. R. Civ. P. 4(e)(2)(a).

In their response to the removal motion, Defendants state that "[b]efore receiving Plaintiffs' Motion and Supporting Memorandum to Remand, it was defense counsel's understanding that Plaintiffs successfully served Defendant Eldin Paraganlija when defense counsel filed an Acceptance of Service on April 4, 2013." ECF No. 8. However, the evidence shows Mr. Paraganlija was served on December 28, 2012. ECF No. 5-1 Ex. 1. Defendants fail to provide affidavits challenging service or relevant legal authority to support their opposition to the motion to remand. *See generally* ECF No. 8. Since Mr. and Mrs. Paraganlija were served on December 28, 2012, their April 8, 2013 removal fails to satisfy § 1446(b)'s thirty-day requirement.

**D.  Conclusion**

Because Defendants offered no evidence to challenge the December 28, 2012 service on the Paraganlijas or the February 7, 2013 service on NC Trucking, the Court applies the presumption in favor of state jurisdiction, *see Shamrock Oil & Gas Corp.*, 313 U.S. at 100; Plaintiffs' motion to remand, ECF No. 5, is granted.

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.  Plaintiffs' Motion to Remand, **ECF No. 5**, is **GRANTED**.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 5

2. The case is **REMANDED** to Benton County Superior Court, case number 12-2-02983-8.

3. Pending motions, dates, and deadlines are **STRICKEN**.

4. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the Benton County Superior Court.

**DATED** this  27th  day of June 2013.

s/ Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge